**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                       Case No. 09-20225

SCOTT SAMONEK,

       Defendant.
                                               /

**OPINION AND ORDER GRANTING DEFENSE COUNSEL'S
MOTION TO WITHDRAW**

Before the court is the motion of G. Whitney McRipley, counsel of record for Defendant, to withdraw from representation in this case. For the reasons stated below, the court will grant Mr. McRipley's motion.

The court held a hearing on the motion on June 25, 2009, at which time defense counsel informed the court that the motion was predicated on two essential facts: Defendant's lack of additional payments to counsel, and Defendant's decision to not pursue "some opportunities for resolution," as Mr. McRipley put it at the June 25, 2009, hearing. The court ordered defense counsel to submit certain supplemental information explaining his position, which he provided on July 1, 2009. In essence, defense counsel argues that the lack of additional payments constitutes an unreasonable financial burden and that Defendant's choice to pursue a legal theory with which counsel disagrees constitutes "an objective [counsel] considers repugnant or imprudent." (7/1/09 Br. at 1-2.)

Initially, the court stresses to Mr. McRipley that a client's decision to proceed to trial instead of pleading guilty is a decision for the client, not the attorney. *See* Model Rules of Prof'l Conduct R. 1.2(a) ("In a criminal case, the lawyer *shall abide* by the client's decision, after consultation with the lawyer, as to a plea to be entered . . . ." (emphasis added)). The court explained to defense counsel during the June 25, 2009 hearing that if there exists a difference in viewpoint between a criminal defendant and his attorney based only upon whether the defendant should try to cooperate and enter a negotiated plea of guilty or not cooperate and proceed to trial, such a difference simply does not represent a "breakdown in the attorney/client relationship." Although defense counsel appeared to not understand such a duty, the court made clear, in just about the following words, that if the case needs to be tried, that's what an attorney has entered an appearance to do. The court reiterated that it is the defendant's choice, not the attorney's, whether to enter a plea or to go to trial. An attorney, the court said, can and should provide advice, probably urging the client in one direction over the other, but if the client does not accept the attorney's advice, the attorney's responsibility is to do the best he can in the direction the client wants to go. Thus, the court's decision to grant the motion is not based on Mr. McRipley's erroneous assertion that Defendant's insistence upon going to trial represents a breakdown in the attorney/client relationship.

Nonetheless, the court recognizes that both Defendant and Mr. McRipley wish to terminate the attorney/client relationship and that "the basic trust between counsel and client . . . is a cornerstone of the adversary system." *Wilson v. Mintzes*, 761 F.2d 275, 279 (6th Cir. 1985) (quoting *Linton v. Perini*, 656 F.2d 207, 209 (6th Cir. 1985)). Further, the court finds that Mr. McRipley's withdrawal would not "unduly delay trial of

2

the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." E.D. Mich. LR 57.1.  In recognition of the relatively early stage of the proceedings, Mr. McRipley will be permitted to withdraw.  Defendant, having since submitted an affidavit in the proper form asserting his present inability to afford retained counsel, will be appointed counsel in a separate order.  Accordingly,

IT IS ORDERED that G. Whitney McRipley's motion to withdraw is GRANTED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\09-20225.SAMONEK.Grant.Withdraw.npk.wpd