**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                               Criminal No.  09-20225
                                                                                                                Civil No.       12-14703

SCOTT SAMONEK,

    Defendant.
                                                      /

**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION TO SET ASIDE OR CORRECT A SENTENCE AND DECLINING TO ISSUE**
**CERTIFICATE OF APPEALABILITY**

On October 22, 2012, Defendant Scott Samonek filed a *in propria persona* motion to set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant, currently incarcerated at the Federal Correctional Institution in Lompoc, California, challenges his conviction for distributing cocaine and for being a felon in possession of a firearm, for which he entered a Rule 11 plea agreement and received a 160-month sentence. He raises eight grounds of error, many of which rely on a claim of ineffective assistance of counsel in order to overcome a procedural bar. The government responds that every claim is either procedurally barred or meritless. For the reasons set forth below, the court denies this motion.

**I. BACKGROUND**

On October 23, 2008, the Dearborn Heights Police Department initiated a "buy" of cocaine from Defendant by a confidential informant ("CI") using pre-recorded funds. Other such buys occurred shortly thereafter on November 4, 11, and 24, as well as

December 3.  Immediately following the December 3 buy, officers performed a traffic stop and arrested Defendant.  Police informed him that they had a search warrant for 6809 Rosemont (his home), and invited Defendant to accompany police in their search of the home.  Defendant refused to cooperate with police and was taken to the Dearborn Heights Police Department.

Police proceeded to the Rosemont home where Heidi Moskal, who identified herself as Defendant's girlfriend and the mother of his child, answered the door.  When the police asked whether there was anything illegal in the house, Moskal said that there was an eighth of an ounce of marijuana in the basement.  In searching the house, police discovered quite a bit more—several guns and loaded magazines, as well as baggies of cocaine and marijuana and an assortment of prescription pill bottles, some of which contained prescription drugs.  Their search report noted the room in the house where each of these and other items was found.

On May 21, 2009, a grand jury indicted Defendant on four counts:  distributing cocaine, 21 U.S.C. § 841(a)(1), possessing cocaine for intended distribution, 21 U.S.C. § 841(a)(1), possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).

On November 13, 2009, Defendant's counsel filed a motion to suppress the evidence obtained in the search of the home, arguing that the warrant's supporting affidavit was insufficient.  The court denied the motion.  On April 8, 2010, Defendant pleaded guilty to one count of possessing cocaine for intended distribution and one count of being a felon in possession of a firearm.  In accordance with a plea agreement, the remaining two charges were dismissed.  He was sentenced to 160 months'

imprisonment and three years of supervised release.

Defendant appealed his sentence, contending that the appeal waiver contained in his plea agreement was invalid because his sentence fell outside of the guidelines range.  The Sixth Circuit reviewed the record and concluded that the sentence was functionally consistent with the agreement and that Defendant had therefore validly waived his right to appeal.

On October 22, 2012, Defendant filed this motion to set aside or correct his sentence under § 2255, alleging eight grounds of error in support.

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  As "[§] 2255 is not a substitute for a direct appeal," *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief.  *Frady*, 456 U.S. at 166.  Consequently, "[t]o prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–638 (1993)).  Though non-constitutional errors are generally outside the scope of § 2255 relief, *see United States v. Cofield*, 233 F.3d 405,

407 (6th Cir. 2000), a defendant can prevail on a § 2255 motion alleging non-constitutional error "by establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process,'" *Watson*, 165 F.3d at 488 (internal quotation marks omitted) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

### III. DISCUSSION

Defendant asserts eight grounds to support his motion:

1) The affidavit for the search warrant contained erroneous and misleading information which should void the search warrant and consequently render evidence seized inadmissible;

2) The evidence found in the search was obtained in violation of his Fourth Amendment protection against unreasonable searches and seizures;

3) The indictment was obtained in violation of the his Fifth Amendment rights;

4) Counsel provided ineffective assistance by failing to contest the prosecutorial misconduct discussed in (1) and by failing to request a dismissal of the indictment on those grounds;

5) Law enforcement officials engaged in misconduct during their search of Defendant's home;

6) Defendant was neither in possession of a firearm nor a convicted felon for the purposes of the 18 U.S.C. § 922(g)(1) and therefore actually innocent of that charge;

7) Counsel provided ineffective assistance by failing to investigate and understand Michigan State law regarding Ground Six;

8) Counsel provided ineffective assistance by failing to research and present controlling case law in his sentencing memorandum.

The government contends that each of Defendant's claims is either procedurally barred or precluded by his plea agreement, and all of the claims are meritless. The

procedural bar rule states that claims not raised on direct appeal may not be raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To overcome a procedural bar, Defendant must show "cause and prejudice." *Id*. Cause requires a showing that "some objective factor external to the defense" prevented him from raising the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (citation omitted), and prejudice requires that the alleged error worked to Defendant's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis omitted).

### A. Grounds 1, 2, 4, 5—The Search of Defendant's Home

Defendant's claims in Grounds One, Two, Four and Five collectively challenge the admissibility of evidence obtained through the search of the home. Having previously pleaded guilty, he is procedurally barred from raising all but his ineffective assistance of counsel claims. Those remaining claims do not satisfy the requirements of § 2255 and therefore also fail.

In Grounds One and Two, Defendant attacks the issuance of the search warrant of his home on the grounds that the affidavit supporting its issuance is flawed. Specifically, he contends that:

> 1) the money recovered from him prior to his arrest was not memorialized so as to prove it was the money used to buy cocaine,
>
> 2) the affidavit suggested a suspicion that marijuana and firearms would be found at the home, despite those items not being at issue in the investigation of the cocaine sales,
>
> 3) there were no eyewitness accounts of contraband in his home prior to the search, and
>
> 4) the CI that the affiant relied upon was not credible.

Defendant argues that, given these problems, the evidence obtained from the search should be excluded and that under *Franks v. Delaware*, 438 U.S. 154 (1978), he is at least entitled to an evidentiary hearing to investigate whether the statements made by the affiant were deliberately false.

When an opportunity for the "full and fair litigation of a Fourth Amendment claim" is provided, "habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure [that] was introduced at his trial" is unavailable. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003) (applying the *Stone* standard to federal prisoners). Here, Defendant received a full and fair opportunity to litigate these issues and ultimately entered a plea of guilty. In doing so, he waived his right to appeal those issues. He is therefore procedurally barred from bringing these claims. *See Massaro*, 538 U.S. at 504.

To proceed under § 2255, Defendant must therefore overcome that procedural bar by demonstrating both that an objective external factor prevented him from raising these issues at trial and that he was actually prejudiced by not raising those claims earlier. *Coleman*, 501 U.S. at 753; *Frady*, 456 U.S. at 170. Defendant demonstrated his ability to raise the issue of evidence suppression when he made a motion for precisely that reason prior to entering his guilty plea. (Dkt. # 21, Pg. ID 48–59.) In fact, one argument he raised in that motion has been resurrected here: that since the CI had never been in the house, he could offer no reason to suspect there were drugs there. (*Id.* at Pg. ID 57.) This court heard, and denied, that original motion. (Dkt. # 29, Pg. ID

6

114–126.) Although Defendant raises new arguments for suppression now, he does not explain what prevented these claims from being raised earlier.

Defendant has also failed to demonstrate how he was prejudiced by not raising those issues. Defendant claims that the search warrant would not have been found valid if the claims he now raises had been brought to light. However, the search warrant rested primarily on the affiant and other officers observing Defendant sell cocaine to the CI, not merely statements by the CI about Defendant. Having failed to demonstrate that he was prevented from raising the issue earlier and that he was prejudiced by that supposed prevention, Defendant's claims under Grounds One and Two fail.

Defendant's request for a hearing regarding the veracity of the affiant will also be denied. In *Franks v. Delaware*, the Supreme Court held that,

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

438 U.S. 154, 155–56 (1978). The court emphasized that affidavits supporting search warrants carry a "presumption of validity," and that the challenger must accompany his allegation of deliberate falsehood with an offer of proof. *Id.* at 171. Notwithstanding the procedural bar already mentioned, Defendant has not advanced any proof of his allegation that the affiant officer deliberately or with reckless disregard for the truth included false or misleading information. Without such proof, Defendant is not entitled to a hearing.

Although the foregoing claims of Defendant are procedurally defaulted, a claim of

ineffective assistance of counsel can be raised for the first time in a § 2255 motion. Grounds One and Two of Defendant's motion also raise such a claim. To support a claim that Defendant's counsel was so deficient as to excuse his procedural default, Defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Defendant must first show that his counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. The court evaluates an attorney's performance by reference to "reasonableness under prevailing professional norms." *Id.* at 688. If Defendant succeeds in proving deficient performance, he must next show that the deficient performance was prejudicial. A Defendant may establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* at 687. A Defendant must show more than "some conceivable effect on the outcome of the proceeding;" he must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693–94. In the context of a plea bargain, Defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (citation omitted).

Defendant claims that counsel's failure to challenge the credibility of the CI amounts to ineffective assistance of counsel.[1] He contends that the credibility of the CI is critical to the issuance of the search warrant and that, absent such a predicate, the

---

[1]Defendant's claim under Ground Four reiterates this claim. For the same reasons as are laid out here, Defendant's fourth claim also fails.

search warrant would not have been issued.  However, the probable cause determination arose out of the observed buys between the CI and Defendant, and was not based upon the statements of the CI that Defendant suggests are false and erroneous.  As such, there is not a "reasonable probability" that a challenge to the CI's credibility would have led to the court to suppress the evidence.  *See Strickland*, 466 U.S. at 694.  Defendant therefore fails to demonstrate that he was prejudiced by his counsel's ineffective assistance.

Defendant's claim under Ground Five is that law enforcement officials engaged in misconduct during the search of his home.  He asserts that the officers made rude comments to his fiancée,[2] and were cavalier in their handling of the evidence, and because of that mishandling, the photographs of the scene misrepresent the proximity of the weapons and drugs found.  Presumably, he complains that his attorney should have moved for the hearing he now demands to determine the extent of the alleged misconduct.  Defendant's claim fails in three respects.

First, the proximity of the weapons and drugs found within the home is irrelevant to the crimes for which Defendant pleaded guilty: distribution of cocaine and being a felon in possession of a firearm.  The testimony of officers who witnessed Defendant selling cocaine to the CI provided a factual basis for his guilty plea for distribution of cocaine.  The discovery by those officers of firearms in his home provided a factual basis for his guilty plea for possession of a firearm.  Whether or not the photographs would falsely lead one to believe the weapons and drugs were found closer together

---

[2]This claim was also raised under Ground One.  (Dkt. # 48, Pg. ID 316.)

than they really were is irrelevant.

Second, the suppression of evidence is not a remedy for the described police [mis]conduct. If Defendant's claims are true, the officers' behavior may deserve criticism. However, the determinative question is whether or not a "sufficient causal relationship" existed between the alleged police misconduct and the discovery of the drugs and firearms. *Hudson v. Michigan*, 547 U.S. 586, 602 (quoting *United States v. Ramirez*, 523 U.S. 65, 72 n.3 (1998)). Here, Defendant does not even allege misconduct in the execution of the search warrant or in the discovery of the items in his home, but rather the handling of those items by the officers after their discovery and their language and behavior while concluding the search. Searching for illegal weapons and drugs in an unfamiliar environment, facing the potential of unseen dangers, is rough business; rough behavior and rough language may sometimes emerge. Suppression of evidence under these conditions is not appropriate.

Finally, Defendant's Ground Five claim fails most fundamentally because it is procedurally barred. Defendant failed to raise this claim prior to entering his plea and foreclosed raising it on appeal by entering that plea. Section 2255 requires that Defendant demonstrate both the cause of his failure to raise the issue at trial and the resulting prejudice. *See Coleman*, 501 U.S. at 753; *Frady*, 456 U.S. at 170. Having not demonstrated either, the Defendant's Ground Five claim fails as procedurally barred.

### B. Ground 3—Defendant's Indictment

Defendant raises five sub-claims (a–e) under Ground Three regarding his indictment, three of which can be summarily dismissed. Claims (b) and (c) concern challenges to the affiant, CI and search warrant that are addressed *supra*. Claim (e)

argues an insufficiency of the elements required for 18 U.S.C. § 924(c), but Defendant was not convicted for this crime. Defendant's remaining two claims are that (a) the government misled the grand jury by failing to inform them that the weapons found in Defendant's home were not loaded and (d) the search warrant was not given to Defendant's girlfriend when she answered the door to their residence in contradiction to what was presented to the grand jury.

At the outset, the court notes that both of these claims are procedurally barred. Defendant waived his right to appeal in his plea and has shown neither an objective, external factor that prevented him from raising these issues earlier, nor has he demonstrated how he was prejudiced by not raising them. Therefore, these claims cannot be raised now.

Notwithstanding that bar, Defendant's claims lack merit. Defendant claims the grand jury was misled by not being told the weapons were unloaded. However, whether or not a firearm is loaded is of no consequence to the crime of which Defendant was charged, being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The omission of that fact, if it occurred, is irrelevant. Defendant's claim regarding the alleged non-delivery of the search warrant is also meritless. Alleged police impropriety in the execution of a search warrant does not provide an automatic ground for the suppression of evidence, and exclusion does not apply to "every item of evidence that has a causal connection with police misconduct." *Hudson*, 547 U.S. at 592 (citation omitted). Having failed to raise these issues on appeal, and having waived that right in his plea agreement, Defendant's Ground Three (a) and (d) claims are both meritless and procedurally barred and therefore fail.

## C. Grounds 6, 7—Felon in Possession of a Firearm

Defendant's claim under Grounds Six and Seven is that he is actually innocent of his conviction for felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and counsel's assistance was ineffective in not raising this argument. Defendant's argument rests on the assertion that his right to possess firearms had been restored and therefore he was a non-felon under 18 U.S.C. § 921(a)(20). "[T]he law of the State of conviction, not federal law, determines the restoration of civil rights." *Caron v. United States*, 524 U.S. 308, 316 (1998). Michigan law generally restores a felon's right to possess firearms three years after the felon completes his term of imprisonment, conditions of probation, and finishes paying his fines. Mich. Comp. Laws Ann. § 750.224f(1). However, individuals who have been convicted of "specified felonies" are treated differently, including a provision that such felons must submit an application to the concealed weapons licensing board in order to posses a firearm. *Id.* §§ 750.244f(2)(b), 28.424. Felonious assault, the crime by which Defendant earned his felon status, is such a specified felony. *See United States v. Ormsby*, 252 F.3d 844, 850 ("Michigan law expressly restricts the ability of one convicted of a 'specified felony,' including felonious assault, to possess a firearm."). Defendant has pointed to no evidence indicating that he had applied for and received the restoration of those rights prior to the criminal behavior of which he now stands convicted, and has failed to demonstrate "actual innocence" of the 18 U.S.C. § 922(g)(1) charge. He consequently has suffered no prejudice by his counsel's failure to raise such an argument. His claims of actual innocence and ineffective assistance of counsel under Grounds Six and Seven fail.

Defendant also demands an evidentiary hearing on this issue, but this must also

be denied. A § 2255 Defendant seeking an evidentiary hearing must be able to give a firm idea of the evidence he intends to bring and how it will support his claim. *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). "Airy generalities, conclusory assertions and hearsay statements will not suffice." *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1989). Defendant has provided nothing to suggest he has any evidence that his right to possess a firearm had been restored at the time of the offense, and therefore his request for an evidentiary hearing is denied.

### D. Ground 8—Defendant's Sentencing Challenge

Defendant's claim under Ground Eight is that his counsel rendered ineffective assistance by failing to research and present controlling case law demonstrating an unwarranted sentencing disparity under 18 U.S.C. § 3553(a)(6). As a foundational matter, Defendant waived his right to appeal his sentence when he pleaded guilty. The Sixth Circuit affirmed the validity of that waiver. (Dkt. # 47, Pg. ID 290.) Although Defendant may challenge his sentence by way of a § 2255 motion as he has done here, "a collateral challenge may not do service for an appeal." *Frady*, 456 U.S. at 165. Thus, the only grounds for relief available to Defendant are errors creating fundamental defects resulting in a "complete miscarriage of justice" or amounting to "a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

The error Defendant asserts is counsel's failure to present controlling case law. Defendant asserts that since he served less than one month in his prior conviction, he should not have been given the two-point career offender enhancement. However, determination of career offender status rests on the nature of Defendant's previous crime, not on the length of the sentence he received. "'Prior felony conviction' means a

13

prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and *regardless of the actual sentence imposed*." U.S.S.G. § 4B1.2, Application Note 1 (emphasis added). Defendant's charge of error is thus without merit and consequently his counsel's failure to raise such a challenge does not amount to ineffective assistance of counsel. His claim under Ground Eight therefore fails. The motion to vacate sentence will be denied.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a Defendant demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the court concludes that reasonable jurists would not debate the court's assessment of Defendant's claims. Therefore, the court denies a certificate of appealability.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that the "Motion to Set Aside or Correct Sentence under 28 U.S.C. § 2255" is DENIED. (Dkt. # 48, Pg. ID 306–305.)

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to all

of Defendant's claims.

                                 s/Robert H. Cleland
                                 ROBERT H. CLELAND
                                 UNITED STATES DISTRICT JUDGE

Dated: June 30, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2014, by electronic and/or ordinary mail.

                                 s/Lisa Wagner
                                 Case Manager and Deputy Clerk
                                 (313) 234-5522